[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12523
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 2, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-20814-FAM


WENDALL JERMAINE HALL,

Plaintiff - Appellant,

versus

PLUMBER OFFICIAL,
Mr. Marvez, the plumbing official supervisor at Dade correctional institution,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 2, 2011)

Before WILSON, PRYOR, and KRAVITCH, Circuit Judges.

PER CURIAM:

This case concerns the assertion of a qualified immunity defense by a plumber at a correctional institute who allegedly refused to repair the sink in a prisoner's cell for thirty days. Wendall Jermaine Hall, a prisoner proceeding *pro se*, brought suit against Richard Marvez, the plumbing supervisor at Dade Correctional Institute, where Hall was incarcerated. Hall's claims, made pursuant to 42 U.S.C. § 1983, allege that Marvez violated his Eight and Fourteenth Amendment rights by failing to repair Hall's non-operational sink. The district court granted Marvez's motion for summary judgment; Hall now appeals. Upon careful review of the record and the parties' briefs, we affirm the district court.

I.

We recite the facts in the light most favorable to the plaintiff. *Andujar v. Rodriguez*, 486 F.3d 1199, 1202 (11th Cir. 2007). Hall submitted a work request form to the warden on February 25, 2010, explaining that the sink in his cell lacked running water. The next day, the warden told Hall that a work order had been submitted to the plumber. However, the sink was not repaired for thirty days. During that time period, Hall also made a direct verbal request to Marvez to have the sink repaired. Hall contends that Marvez's's failure to repair the sink was deliberate, and alleges that as a result of spending a month without running water in his cell, he suffered from a number of health issues, including dental problems

and dehydration. The record reflects that Hall had other sources of water: three times a day he was permitted one cup of water or juice with his meal in the mess hall, and he had access to a shower where he was permitted to brush his teeth.[1] Hall also had access to and received medical care during the thirty day period, but was never diagnosed with dehydration.

Hall brought suit against Marvez, alleging that Marvez had violated his Eight and Fourteenth Amendment rights. He sought monetary damages from Marvez and an injunction to order the Department of Corrections to repair his sink. Hall filed a motion for summary judgment; Marvez filed a motion for summary judgment as well, asserting a qualified immunity defense. The district court denied Hall's motion and granted Marvez's motion for summary judgment. Hall appeals only the grant of Marvez's summary judgment motion.

## II.

We review *de novo* a district court order granting summary judgment on the basis of qualified immunity. *Whittier v. Kobayashi*, 581 F.3d 1304, 1307 (11th Cir. 2009) (per curiam). The purpose of the qualified immunity defense is to "protect government officials from liability for civil damages insofar as their

---

[1] Hall chose not to use the shower to brush his teeth, however, because he believed that the shower was contaminated with "green bacteria."

conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Youmans v. Gagnon*, 626 F.3d 557, 562 (11th Cir. 2010) (per curiam) (citation and quotation marks omitted). The defense ensures that officers are on notice that their conduct is unlawful before they are subjected to suit. *Id.* Because qualified immunity is not a mere defense to liability, but rather an immunity from suit, "it is effectively lost if a case is erroneously permitted to go to trial." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 815 (2009) (citation omitted).

Once a defendant raises a qualified immunity defense, the plaintiff bears the burden of showing (1) "that the defendant committed a constitutional violation," and (2) "that the law governing the circumstances was already clearly established at the time of violation." *Youmans*, 626 F.3d at 562 (citation omitted). "[W]e are free to consider these elements in either sequence and to decide the case on the basis of either element that is not demonstrated." *Id.* (citation omitted).

We choose first to examine the "clearly established" law element of Marvez's qualified immunity defense. This requires us to consider "whether it would be clear to a reasonable [official] that his conduct was unlawful in the situation [the defendant official] confronted." *Brosseau v. Haugen*, 543 U.S. 194, 199, 124 S. Ct. 596, 599 (2004) (per curiam) (citation omitted). "The

4

unlawfulness of a given act must be made truly obvious, rather than simply implied, by the preexisting law." *Youmans*, 626 F.3d at 563 (citation omitted). Therefore, we ask: would it be obvious to the plumbing supervisor in a prison that refusing for a month to repair a prisoner's non-operational sink would amount to a violation of that prisoner's Eight or Fourteenth Amendment rights? We find that it would not.[2]

A prison official violates the Eighth Amendment by showing deliberate indifference to substantial risk of serious harm to an inmate.[3] *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S. Ct. 1970, 1974 (1994). To establish a substantial risk of serious harm, the condition complained of must be "extreme" and must pose an unreasonable risk of serious damage to a prisoner's future health or safety. *Chandler v. Crosby*, 379 F.3d 1278, 1289–90 (11th Cir. 2004). Hall asserts that Marvez was aware of his requests for sink repair, but makes no allegations that Marvez knew of any of Hall's health problems that allegedly resulted from the

---

[2] It is unclear whether Hall intended to assert independent Fourteenth Amendment due process claims, or if he merely referenced the Fourteenth Amendment in its capacity to make the Eight Amendment applicable to the state. If Hall did intend to make due process claims, he has not alleged any facts that would rise to the level of a due process violation.

[3] Claims concerning *post-conviction* prison conditions are covered by the Eighth Amendment; the Fourteenth Amendment only governs conditions of confinement *prior* to conviction. *See Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1571–72 (11th Cir. 1985). Therefore, all of Hall's allegations about his living conditions are considered in the context of his Eight Amendment rights.

faulty sink.  We do not find that it would be obvious to a prison plumber that a failure to make repairs of a prisoner's sink for a month would equate to an Eight Amendment violation, especially when the prisoner was known to have access to water and health care services.

Because Hall has failed to rebut Marvez's qualified immunity defense, we find that the district court properly granted Marvez's motion for summary judgment on the basis of qualified immunity.

**AFFIRMED.**